UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:09-CR-00002-TBR

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.

**ADRIAN HAMILTON**
**EARL WILSON**                                                                              **DEFENDANTS**

CASE NO.: 3:09-CR-00061-TBR

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.

**DECORICK CURRY**                                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant, Adrian Hamilton's, Motion to Disclose Identity of the Informant (Docket #49). The United States has filed a response (Docket #20). The Defendant has filed no reply. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Disclose is DENIED.

Also before the Court is Plaintiff, United States', Motion for Extension of Time to File Response/Reply as to Motion to Suppress and Motion for Disclosure of Confidential Informant (Docket # 51; Docket #18). The Defendants filed no response. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Extension of Time is GRANTED.

Also before the Court is Defendant, Earl Wilson's, Motion to Adopt Co-Defendant's Motions (Docket #50). The Plaintiff has filed no response. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Adopt Co-Defendant's Motions is GRANTED.

## BACKGROUND

On September 20, 2007, Louisville Metro Police Department ("LMPD") Detective William M. Bower presented an Affidavit for Search Warrant to a Jefferson County District Court Judge. The Affidavit requested a Search Warrant for a residence located at 601 South 10th Street, in Louisville, Kentucky, as well as a silver Ford Taurus bearing license plate number 825-EER. The residence at 601 South 10th Street was leased by Paula Burr. The Affidavit also requested a Search Warrant for two individuals: a black male named Adrian Lee Hamilton a/k/a "Lucky" and a black male nicknamed "Pee Wee." The Affidavit included personal information for Hamilton, including his date of birth and social security number, while only providing a physical description of "Pee Wee."

The Affidavit requested permission to search for "[c]rack cocain and any other illegal controlled substance pursuant to KRS 218A. Anything used to cut, weigh, measure, use, ingest, conceal, protect, transport, or transfer such substances. Any other paraphernalia, money, weapons, property, or records related to or derived from the sale of such substances." In support of this request, Detective Bower stated in the Affidavit he had been an officer with LMPD for seven years and that he had information from a reliable confidential informant. The Affidavit states that on September 20, 2007, at approximately 4:00pm "affiant received information from/observed: A reliable confidential informant pursuant to Kentucky Rules of Evidence #508, who is knowledgeable in the ways in which drugs are packaged, sold, and has proven his/her reliability in the past. The C.I. states that he/she knows a B/M named Lucky (Adrian Hamilton) and a B/M nicknamed Pee Wee who are selling crack cocaine from 601 So. 10th St. The C.I. has been present in the past 48 hrs and observed a large quantity of crack cocaine and the sale of that substance from 601 So. 10th St."

Detective Bower goes on in the Affidavit to indicate additional investigative steps taken by

law enforcement.  The Affidavit states that a controlled buy and surveillance were conducted at this location.  The detectives identified a 1998 silver Ford Taurus bearing license plate 825-EER as a vehicle driven and owned by Hamilton.  Detective Bower also noted that he checked court records and learned that Hamilton had pled guilty to trafficking in a controlled substance (cocaine); pled guilty to possession of marijuana; pled guilty to enhanced trafficking in a controlled substance (cocaine); and pled guilty to two counts of trafficking in a controlled substance (cocaine).  Additionally, Detective Bower learned that Hamilton was on parole until 2013 and was currently unsupervised.  Based upon this information, the Jefferson County District Judge issued a Search Warrant.

On the same day, September 20, 2007, the warrant was executed by LMPD officers.  At the time the officers executed the warrant, Hamilton and Wilson were in the residence to be searched.  Law enforcement officials seized 191 grams of cocaine base (commonly referred to as "crack" cocaine), 312 grams of cocaine, 197 grams of marijuana, scales, baggies, drug ledgers, cutting agent (baking soda), and ammunition, as well as other things.  Hamilton and Wilson were both arrested and neither gave any statement to law enforcement officials.  Later Decorick Curry a/k/a "Pee Wee" was arrested.

On January 5, 2009, a federal grand jury sitting in Louisville returned a four-count indictment against Hamilton, Curry and Wilson. Count 1 charged all three defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute fifty grams or more of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2.  Count 2 charged all three

defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2.  Count 3 charged all three defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute marijuana, a Schedule I controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2.  Count 4 set forth general forfeiture allegations.

Defendant Adrian Hamilton and Defendant Earl Wilson, by adoption, move this Court to require the United States to disclose the identity of the confidential informant who was referenced in the affidavit.

## STANDARD

The Government is privileged to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957).  "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Id.* The privilege is limited by this purpose, but also by "the fundamental requirements of fairness." *Id.*  The burden is on the defendant to show how disclosure of an informant's identity would tip the balance and be essential to a fair trial.  *U.S. v. Hanna*, 341 F.2d 906, 907 (6th Cir.1965).

There is no fixed rule for when disclosure is required; there is instead a balancing test.  *U.S. v. Sharp*, 778 F.2d 1182, 1185 (6th Cir.1985)(citing *Roviaro*, 353 U.S. 53).  The court must apply a balancing test weighing "the public interest in protecting the flow of information to the

government" against " the defendant's need for disclosure of information in the preparation of a defense." *U.S. v. Straughter*, 950 F.2d 1223, 1232 (6th Cir. 1991)(citing *Roviaro*, 353 U.S. 53). The court must look to the totality of the circumstances including the crime, possible defenses, significance of the informer's testimony and other relevant factors. *Roviaro*, 353 U.S. at 62.

The Defendants argue that the informant is the only material witness, the sole witness who observed the alleged transactions involved in this case, and the only source of evidence concerning the alleged presence of and sale of drugs from the co-defendant forming the basis of the search warrant.

The United States asserts that the testimony of the confidential informant is not the only evidence against the Defendants. The United States asserts that the charges brought against the Defendants are based upon the results of the execution of the Search Warrant at the 601 South 10th Street residence. The officers who searched the premises seized 191 grams of cocaine base (commonly referred to as "crack" cocaine), 312 grams of cocaine, 197 grams of marijuana, scales, baggies, drug ledgers, cutting agent (baking soda), and ammunition, as well as other things. The United States further states while the informant may be called as a witness in the trial of these Defendants, the Defendants are not entitled to know the names of government witness prior to trial. *See United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970).

The Court finds the testimony of the confidential informant is not the only evidence against the Defendants; the informant is not the sole witness. The Affidavit states that a controlled buy took place at the residence searched and surveillance was conducted at that location as well. Additionally, the charges brought against the defendants are possession with the intent to distribute which are likely based on the seizures as a result of the executed Search Warrant. The Court finds,

after balancing the Defendants' interests in disclosure against those of the Government, disclosure is not essential to a fair trial.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED the Plaintiff's Motion for Extension of Time is GRANTED; the Defendant Wilson's Motion to Adopt is GRANTED; and the Defendants' Motion to Disclose is DENIED.